■ In the Matter of GLADYS JACOBS, Appellant-Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Respondent-Appellant, et al., Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, made December 20, 1978, upon submitted documents (see 18 NYCRR 358.19), affirming the determination of the local agency that a prorated level of need should be used to ascertain the eligibility of petitioner and her children for medical assistance, petitioner appeals from so much of a judgment of the Supreme Court, Orange County, dated August 23, 1979, as denied her application for attorney's fees, and the State commissioner cross-appeals, as limited by her brief, from so much of the same judgment as annulled her determination. On the State commissioner's cross appeal, judgment reversed insofar as appealed from, on the law, without costs or disbursements, determination confirmed and proceeding to review dismissed on the merits. Appeal by petitioner dismissed as academic, without costs or disbursements, in light of the determination on the State commissioner's cross appeal. The petitioner and her two daughters (aged 9 and 11) are recipients of Social Security survivor benefits. At the time in question, June 14, 1978, each received a $225.10 monthly payment from the Social Security Administration. These payments constitute the only income received by this family unit. Because one of her daughters was in imminent need of a tonsillectomy, the petitioner applied to the Department of Social Services of Orange County for medical assistance for herself and both daughters on June 14, 1978. 18 NYCRR 360.25 requires a local agency to consider the eligibility of all members of a household whenever one member applies for medical assistance. In determining eligibility for medically needy persons, such as the petitioner and her two children in this case, the protected maintenance income of the recipients must be set at the applicable Aid to Dependent Children (ADC) assistance level (statutory basic needs allowance plus actual county shelter allowance) or the level prescribed in the Social Services Law (§ 366, subd 2, par [a], cl [8]), whichever is greater. In *Matter of Vailes v D'Elia* (77 AD2d 45), this court held that in such circumstances the medically needy children must be included in their mother's budget for medical expenses, making it a budget for a family of three. Thus, for Medicaid purposes each medically needy child is to be considered a member of a fictitious ADC family of three. At the time of petitioner's application, a three-member ADC household in Orange County was entitled to a $200 monthly grant (Social Services Law, § 131-a), plus a $206 maximum rental allowance (18 NYCRR 352.3 [a]), for a total of $406 per month. Under *Vailes (supra)*, the pro rata share of each member of petitioner's family in the "fictitious" ADC grant for a family of three is one third of $406 a month, or $135.33. Since each member of this family receives $225.10 from Social Security, it follows that each has a monthly medical surplus of $89.77. With respect to the daughter needing the tonsillectomy, her surplus medical income of $89.77 is considered available for payment of her medical expenses. Since the petitioner is legally responsible for her minor daughter's medical expenses (see Social Services Law, § 101; Domestic Relations Law, § 32; Family Ct Act, § 413), the petitioner's monthly medical surplus of $89.77 is also available for payment of such daughter's medical expenses (see US

Code, tit 42, § 1396a, subd [a], par [17]; Social Services Law, § 366, subd 2, par [b]). In short, there is a monthly medical surplus of $179.54 available to the daughter needing the tonsillectomy, and this amount must be expended for medical expenses each month in order for that daughter to be eligible to receive medical assistance for that month. The State commissioner (citing 18 NYCRR 360.5) disposed of petitioner's application for medical assistance because her daughter needed hospitalization for a tonsillectomy as follows: "For inpatient hospital care only the excess income for a period of six months shall be considered as available for payment; for other medical care and services outside a medical institution only the excess for the month or months in which care of services are given shall be considered for payment. Accordingly, in the event Arlene is hospitalized, her monthly excess income plus the monthly excess income of [her mother] for a period of six months must be applied to meet the hospital and medical costs incurred on her behalf. Inasmuch as appellant has not established any current expenses in excess of the available income, the agency correctly determined that the family household is not eligible for medical assistance." This determination is correct, and it should not have been annulled. Lazer, J.P., Gibbons, Margett and O'Connor, JJ., concur.